UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY WHITE,<br><br>                  Plaintiff,<br><br>v.<br><br>WISCO RESTAURANTS, INC.,<br><br>                  Defendant. | Civil No.:  17cv103-L(JMA)<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS** |

     In this action alleging disabled access violations, Defendant Wisco Restaurants, Inc. filed a motion to dismiss for lack of standing and failure to state a claim, and requesting the Court to decline to exercise supplemental jurisdiction over state law claims.  The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1).  For the reasons stated below, Defendant's motion is denied.

## I.    BACKGROUND

     The action arises from Plaintiff's visit to Defendant's restaurant.  She alleges that she had contracted polio and it is difficult for her to walk or stand.  She uses a mobility equipped van and a manual wheelchair to travel in public.  When she visited Defendant's restaurant, she encountered three barriers which interfered with her access.  First, at least

one disabled parking space had slopes and/or cross slopes that were too steep to transfer between a van and a wheelchair. Second, at least one of the van accessible parking spaces was too small to make the transfer. Finally, there was insufficient clear space under the lavatory to approach with a wheelchair close enough to wash hands. (Compl. at 3.)

Plaintiff filed a complaint alleging violations of (1) the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"); (2) the Unruh Civil Rights Act, Cal. Civ. Code §51 *et seq.* ("Unruh"); (3) the Disabled Persons Act, Cal. Civ. Code §54 *et seq.* ("DPA"); and California Health and Safety Code §19955 *et seq.* The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367(a).

Defendant moves to dismiss the initial complaint under Federal Rules of Civil Procedure 12(b)(1) and (6) arguing that Plaintiff failed to sufficiently allege standing, the Court should exercise its discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367, and that Plaintiff failed to state a claim.

## II.    DISCUSSION

### A.    Standing

Defendant contends this action should be dismissed because Plaintiff did not sufficiently allege standing. A federal court "may not decide a cause of action before resolving whether the court has Article III jurisdiction." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 n.6. Federal jurisdiction under Article III depends on the existence of a case or controversy. *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972). Standing is required to establish a case or controversy. *RK Ventures*, 307 F.3d at 1056 n.6.

Plaintiff has the burden of pleading standing:

> [T]he plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention

or on discovering the same, must dismiss the case, unless the
defect be corrected by amendment.

*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)
(internal citations and quotation marks omitted) *abrogated on other grounds by Hertz
Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Article III "requires federal courts to satisfy themselves that the plaintiff has
alleged such a personal stake in the outcome of the controversy as to warrant *his* [*or her*]
invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488,
493 (2009) (internal quotation marks and citation omitted, emphasis in original).

> [T]he "irreducible constitutional minimum" of standing consists
> of three elements. The plaintiff must have (1) suffered an
> injury in fact, (2) that is fairly traceable to the challenged
> conduct of the defendant, and (3) that is likely to be redressed
> by a favorable judicial decision.

*Spokeo, Inc. v. Robins,* 578 U.S. ___; 136 S.Ct. 1540, 1547 (2016) (quoting *Lujan v.
Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) and citing *Friends of the Earth, Inc.
v. Laidlaw Envt'l. Servs., Inc.*, 528 U.S. 167, 180-81 (2000)). "Where, as here, a case is
at the pleading stage, the plaintiff must clearly allege facts demonstrating each element."
*Spokeo*, 136 S.Ct. at 1547 (internal quotation marks, ellipsis and citation omitted).

Defendant contends that Plaintiff lacks standing because she did not allege a
"concrete and particularized injury" and her "Complaint remains conjectural and
hypothetical, failing to describe a factually supported, particular time where [*sic*] she was
injured. (Reply at 2.) Accordingly, inly the injury-in-fact element is disputed. A
plaintiff must allege "that he or she suffered an invasion of a legally protected interest
that is concrete and particularized and actual or imminent, not conjectural or
hypothetical." *Spokeo,* 136 S.Ct. at 1548 (internal quotation marks and citation omitted).
It is not necessary, however, to allege "a particular time," as Defendant claims.

Because the existence of federal standing "often turns on the nature and source of
the claim asserted," the standing analysis must focus on the nature and source of

Plaintiff's claim: disabled access discrimination. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (quoting *Warth v. Seldin,* 422 U.S. 490, 500 (1975)). At the same time, however, "the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, the jurisdictional question of standing precedes, and does not require, analysis of the merits." *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011). In the context of an alleged ADA violation, a plaintiff satisfies the "injury in fact" requirement when he or she encounters a barrier which violates the ADA standards, the barrier is related to the plaintiff's disability, and it precludes the plaintiff from "full and equal enjoyment" of the facility. *Chapman*, 631 F.3d at 947. Plaintiff sufficiently alleged these elements to establish standing. (*See* Compl. at 3.) Accordingly, to the extent Defendant seeks dismissal for lack of standing, its motion is denied.

## B. <u>Failure to State a Claim</u>

Defendant further argues that Plaintiff's causes of action must be dismissed under Federal Rule of Civil Procedure 12(b)(6). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041(9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The Court must assume the truth of all factual allegations in the complaint and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). On the other hand, legal conclusions, even if cast in the form of factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Defendant argues that Plaintiff did not allege sufficient facts in support of his claims. In federal court, the required specificity of factual allegations is defined by the

notice pleading standard of Federal Rule of Civil Procedure 8(a)(2).[1] It "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, ellipsis and citation omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. (internal quotation marks, ellipsis and citation omitted).

Defendant argues that Plaintiff failed to allege "a time where [*sic*] the alleged barriers <u>did</u> interfere with her access" and did not "explain[] when or why she visited [Defendant's restaurant]." (Reply at 2 (emphasis in original).) This level of specificity is not required under the notice pleading requirement of Rule 8(a)(2). Plaintiff has alleged sufficient facts in support of her claims to put Defendant on notice and raise her right to relief above the speculative level. (*See* Compl. at 3.) Accordingly, to the extent Defendant moves to dismiss for failure to state a claim, its motion is denied.

### C.    <u>Supplemental Jurisdiction</u>

The Court acquired original subject matter jurisdiction over this action because Plaintiff alleged a federal claim for an ADA violation. *See* 28 U.S.C. §1331. The Court "has supplemental jurisdiction over all other claims that are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* §1367(a). "A state law claim is

---

[1]    Procedural matters in federal court are governed by federal law even with respect to state law causes of action. *See Hanna v. Plumer*, 380 U.S. 460 (1965).

part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Defendant does not contend that the state law claims do not form part of the same case or controversy, as all claims are based on the same facts. The Court therefore has supplemental jurisdiction over the state law claims.

Defendant moves the Court to exercise its discretion under §1367(c) to decline to exercise supplemental jurisdiction.

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). "[U]nless a court properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. (Page),* 24 F.3d 1545, 1556 (9th Cir. 1994) (*overruled* on other grounds by *Cal. Dept. of Water Resources v. Powerex Corp.,* 533 F.3d 1087, 1093 (9th Cir. 2008)).

Defendant contends that Plaintiff's case falls within subsections (1), (2) and (4). It argues that state law claims predominate because they outnumber the sole federal claim, and offer damages and injunctive relief, while the federal claim provides only for injunctive relief. Defendant further maintains that exceptional circumstances warrant dismissal of state law claims because the recent amendments to the statutes codifying the

state law claims require greater specificity of pleading and erect other procedural barriers to asserting disabled access claims, which are not present in federal court. Defendant also claims that because Plaintiff could have brought this action in state court, but chose federal court instead, she must be forum shopping.

First, Defendant argues that state law claims should be dismissed under section 1367(c)(1) because the underlying statutes were amended in 2012 to erect procedural barriers to disabled access claims. Defendant does not identify any novel or complex issues associated with the amendments. Because Defendant has not demonstrated a factual predicate under subsection (c)(1), the Court cannot decline supplemental jurisdiction on that ground. *See Exec. Software,* 24 F.3d at 1558.

Next, Defendant points to subsection (c)(2), arguing that because state law claims outnumber the federal claim and provide more extensive relief, they substantially predominate. Even if the Court were to conclude that Defendant established a factual predicate under subsection (c)(2), the Court would also have to conclude that declining jurisdiction "comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity." *Exec. Software,* 24 F.3d at 1557; *see also Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in §1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity.") (referring to *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); internal quotation marks and citations omitted). Defendant requests dismissal of state law claims so that they could be refiled in state court, while the nearly identical ADA claim would continue to proceed in this Court. This outcome would serve neither economy, convenience, nor fairness. It also would not serve the interests of comity, as both the Unruh Act and CDPA incorporate ADA violations. *See* Cal. Civ. Code §51(f) (Unruh Act); *id.* §54.1(d) (CDPA).

Finally, Defendant argues under the catchall subsection (c)(4) that Plaintiff is forum shopping to avoid the procedural hurdles under state law, and that this creates

"exceptional circumstances" and "compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c)(4). "Declining jurisdiction outside the subsection (c)(1) - (3) should be the exception, rather than the rule." *Exec. Software,* 24 F.3d at 1558. This would occur "only if the circumstances are quite unusual." *Id.* That procedure in state court differs from procedure in federal court, and that the plaintiff may select the forum based on her preference is not an unusual circumstance. It has long been decided that federal procedural rules govern in federal court regardless of their effect on state substantive rights. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 409-10 (2010) (discussing *Hanna v. Plumer,* 380 U.S. 460 (1965), among other authorities). Furthermore, the plaintiff is "the master of the claim," and by pleading can either subject him- or herself to, or avoid, federal jurisdiction. *See, e.g., Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *see also* cases cited therein. Even if the Court were to conclude that this case presents exceptional circumstances and compelling reasons, it would also have to conclude that dismissal would best "accommodate the values of economy, convenience, fairness, and comity." *Exec. Software,* 24 F.3d at 1557 (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)); *see also Exec. Software,* 24 F.3d at 1558. For the reasons stated above, dismissing state law claims would not accommodate any of those values.

For the foregoing reasons, Defendants' motion to dismiss is denied.


**IT IS SO ORDERED.**

Dated: March 27, 2018

Hon. M. James Lorenz
United States District Judge

17cv103